# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY D. ANDREWS-BYRD,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. 4:24-cv-01285-MTS |
| ) | |
| NATIONAL RECORDS & ARCHIVES   ) | |
| ADMINISTRATION,   ) | |
| ) | |
| Defendant.   ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's Amended Complaint. Doc. [9]. Plaintiff checked the boxes on the form complaint to indicate she is bringing this action under (1) Title VII; (2) the Age Discrimination in Employment Act; (3) the Americans with Disabilities Act; (4) the Rehabilitation Act; and (5) something she calls the "Illinois work from home law." She has checked the boxes to indicate that she alleges Defendant discriminated against her for every reason listed on the form complaint—her race, religion, national origin, color, gender, disability, and age.

Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 26, 2024. Doc. [9] at 3. She indicated in her Amended Complaint that she had not received a notice of right-to-sue letter. "In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Receiving the letter is a "prerequisite[] to the maintenance of a Title

VII action in federal court." *Houston v. St. John's Mercy Skilled Nursing Ctr.*, 37 F.3d 1503 (8th Cir. 1994) (per curiam table decision); *accord Jones v. Am. State Bank*, 857 F.2d 494, 499 (8th Cir. 1988) (holding that receipt of a right-to-sue notice is "a condition precedent to a filing of a Title VII claim"); *see also McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n.3 (8th Cir. 1996) (per curiam) (noting that the Americans with Disabilities Act incorporates by reference the powers, remedies, and procedures set forth in Title VII, which requires employees claiming discrimination to file a charge with the appropriate administrative agency, and bars suits until the employee has received a right-to-sue letter).[*]

Plaintiff has not filed a copy of her charge of discrimination or a right-to-sue letter or even attempted to justify her failure to do so. Consequently, the Court will order Plaintiff to supplement her Amended Complaint by submitting a copy of her charge of discrimination and her right-to-sue letter by **Thursday**, **February 06, 2025**. The failure to do so will result in the dismissal of this action without prejudice and without further notice. *Martin v. Mt. St. Mary's Univ. Online*, 620 F. App'x 661, 663 (10th Cir. 2015) (concluding the district court had discretion to dismiss plaintiff's action when she failed to

---

[*] The form Employment Discrimination Complaint that Plaintiff completed for her Amended Complaint plainly notes this requirement. *See* Doc. [9] at 1 ("**NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*"). The Court advises Plaintiff that being a pro se litigant does not insulate her from the possibility of sanctions under Federal Rule of Civil Procedure 11. *See Carmona v. Branstuder*, 68 F.3d 470 (5th Cir. 1995) (per curiam) ("Rule 11 directs the court to impose sanctions against a litigant who signs frivolous or abusive pleadings, and may be imposed on pro se litigants."); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) (noting that while "pro se complaints are read liberally," they "still may be frivolous" under Rule 11); *see also* Fed. R. Civ. P. 11(b) (requiring that the claims and other legal contentions made in filings with the Court must be "warranted by existing law" and that factual contentions must "have evidentiary support").

2

comply with its order requiring her to cure her failure to attach the right-to-sue letter); *Burnett v. City of Jacksonville*, 376 F. App'x 905, 907 (11th Cir. 2010) (per curiam) (district court did not err in dismissing plaintiff's complaint and affording her an opportunity to re-file it to cure defect of failure to show she was issued a right-to-sue letter prior to filing her action).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall submit a copy of her charge of discrimination and her right-to-sue letter no later than **Thursday**, **February 06, 2025**. The failure to comply with this Order will result in the dismissal of this action without further notice.

Dated this 17th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE