UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY D. ANDREWS-BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01285-MTS |
| | ) |
| NATIONAL RECORDS & ARCHIVES ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of Plaintiff's Amended Employment Discrimination Complaint. Plaintiff has checked the boxes on the form complaint to indicate she is bringing this action under (1) Title VII; (2) the Age Discrimination in Employment Act; (3) the Americans with Disabilities Act; (4) the Rehabilitation Act; and (5) something she calls the "Illinois work from home law." For the reasons that follow, the Court will dismiss Plaintiff's action without prejudice.

### Standard on Initial Review

Complaints filed without prepayment of the filing fee are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam). To state a claim for relief, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also* Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

**The Amended Complaint and Supplements**

Plaintiff filed this employment discrimination case on the Court's form employment discrimination complaint, alleging her employer, the National Records and Archives Administration (NARA), discriminated against her from January to July 17–19, 2024. *See* Doc. [9]. By placing a checkmark on the lines of the form complaint, Plaintiff indicated each of seven forms of discrimination occurred—race, religion, national origin, color, gender, disability, age (birth year is: 1976)—and that other discrimination occurred, which

2

she alleged was "medical condition aggravated intentionally via ongoing harassment." *Id.* at 7.

Nowhere in the Amended Complaint, however, did she allege any acts of discrimination.  She alleged no facts regarding her race, religion, national origin, color, gender, or disability.  The only information the Court has is that she was born in 1976 and the reasonable inference that she is female given that she signed her name as "Mrs. Courtney D. Andrews-Byrd." *See Rinehart*, 964 F.3d at 688 (explaining that in an in forma pauperis complaint review, a court should draw all reasonable inferences in the plaintiff's favor).  As to the conduct she is complaining of, again without any supporting factual allegations, Plaintiff checks the lines for termination of her employment, failure to accommodate her disability, terms and conditions of her employment differ from those of similar employees, retaliation, harassment, and "other."  As to the "other" conduct complained of, she states, "wage theft (no wages/salary) paid from June 2024-July 2024," and "cancellation of medical benefits on 6/15/2024, 1 day after telework approval pending RA medical review and harassment resolution (resolve)." *Id.* at 4.

When asked to state briefly the essential facts of her claim, including the specific conduct she believes is discriminatory, she stated only, "See attached documents to support (email copies submitted)." *Id.* at 6.  She attached to her Amended Complaint two pages of documents concerning her change of beneficiary information for her retirement account but does not explain the relevance of this information.  Also, she attached documents from the Illinois Department of Employment Security, copies of her health insurance cards, two pages from Google maps, a letter from the United States Department of the Interior

3

explaining health insurance deductions, and an authorization to provide limited access to medical information for her employer, again without any explanation of their relevance.

Plaintiff has not filed a copy of her charge of discrimination or her right-to-sue letter even after being ordered to do so on January 17, 2025.  *See* Doc. [10].  Instead, she responded by filing a document from the Equal Employment Opportunity Commission dated January 22, 2025, that acknowledged that she had filed an appeal that day.  She also attached a memorandum to the Court stating that the Court should communicate with the EEOC "to settle for a suitable date to complete appeals process and the continuation of this complaint."  Doc. [11] at 4.  The final page of her supplement is another undated memorandum to the Court, "request[ing] the Court to refer to Washington, DC—EEOC Appeals Dept for their intended timeline for [right-to-sue] issuance after appeal completion that is entitled under the law to have when needed and DC agrees I suppose."  *Id.* at 5.  As best the Court can determine from this document, Plaintiff has not received her right-to-sue letter.[1]

## Discussion

Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader

---

[1] For context, the Court notes that in prior supplements to the original complaint, Plaintiff often included irrelevant documentation, including texts to a person identified as "Pork Chop," an email from Google regarding a disputed purchase, and an email concerning alleged identity theft, hacking, data breaches, and digital theft.  *See* Doc. [6].  Forty-two pages of another supplement include documents regarding Plaintiff's consumer complaint with her electrical company, union correspondence, and documents regarding a disputed ATM withdrawal.  *See* Doc. [7].  She has continued, without explanation, to file numerous supplements of no apparent relevance.  *See, e.g.*, Doc. [18-8] (an email welcoming Plaintiff to her "YouTube Premium membership"); Doc. [20] (someone else's birth certificate).

is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Here, Plaintiff's Amended Complaint does not comport with this requirement.  Rather than provide a short and plain statement of the essential facts of her claim, including specifically the conduct she believes was discriminatory, Plaintiff refers to attached documentation.  The Court, though, is not required to piece together a claim on Plaintiff's behalf by searching through the numerous (and altogether irrelevant) exhibits she filed in addition to her Amended Complaint.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that, even for pro se litigants, a court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"); *cf. Goins v. Russell*, 4:14-cv-0865-CEJ, 2014 WL 2095336, at *2 (E.D. Mo. May 20, 2014) ("All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.").

Nevertheless, the Court has reviewed all of Plaintiff's documentation and supplements,[2] and the Court still cannot glean Plaintiff's race, religion, national origin, color, disability, or allegedly disabling medical condition.  The Court only knows that she was born in 1976 and infers that she is a woman.  More importantly, the Court has no information regarding any allegedly discriminatory conduct on the part of Defendant.  Nor can the Court confidently determine whether Plaintiff has received a right-to-sue letter from the EEOC.  *See Martin v. Mt. St. Mary's Univ. Online*, 620 F. App'x 661, 663 (10th

---

[2] As of this writing, there are 264 pages of documents in the file despite this action still being in the pre-service stage.  That is an abnormally large amount.

5

Cir. 2015) (concluding the district court had discretion to dismiss plaintiff's action when she failed to comply with its order requiring her to cure her failure to attach the right-to-sue letter); *Burnett v. City of Jacksonville*, 376 F. App'x 905, 907 (11th Cir. 2010) (per curiam) (district court did not err in dismissing plaintiff's complaint and affording her an opportunity to re-file it to cure defect of failure to show she was issued a right-to-sue letter prior to filing her action).

The Amended Complaint is devoid of factual allegations that state a claim for relief under federal or state law. Instead, Plaintiff seems to have checked nearly every box on the form without any supporting information whatsoever.[3] Plaintiff's failure to comply with Federal Rule of Civil Procedure 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983); *see also Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (stating that a pro se litigant is not excused from Rule 8, "which requires a short and plain statement showing the pleader is entitled to relief").

For the foregoing reasons, the Court will enter herewith an Order of Dismissal, which will dismiss this action without prejudice.

Dated this 6th day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] The Court previously admonished Plaintiff that her status as a pro se litigant does not insulate her from sanctions under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) (requiring that the claims and other legal contentions made in filings with the Court must be "warranted by existing law" and that factual contentions must "have evidentiary support").